UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN HAIRSTON, </br></br>　　　　　　Plaintiff, </br></br>　　v. </br></br> ROBERT C. TAPELLA, </br></br>　　　　　　Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 08-1531 (RWR) </br> ) </br> ) </br> ) </br> ) </br> ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED AND SUPPLEMENTED COMPLAINT**

Plaintiff Kevin Hairston now replies to Defendant's Opposition to Plaintiff's Motion for Leave to File First Amended and Supplemented Complaint (Opp.) (Doc. 24) (March 5, 2010).

**INTRODUCTION**

On February 16, 2010, Plaintiff moved to amend and supplement his complaint under Federal Rules of Civil Procedure 15(a)(2) and 15(d). *See* Doc. 22, Mot. for Leave to File First Am. and Supplemented Compl. (Mot.) (Feb. 16, 2010). In his motion, Plaintiff sought to add three fully exhausted claims to this Title VII action because those claims are part of the same course of conduct alleged in the original complaint.

Defendant's opposition makes three arguments: (1) Plaintiff elected to pursue his denial-of-overtime claim as a union grievance and is thus barred from now advancing an EEO complaint on the same subject; (2) Plaintiff may not amplify the alleged discrete acts of retaliation to include an unexhausted "ongoing retaliatory campaign" claim; and (3) Plaintiff's proposed amendment would substantially expand discovery and unduly prejudice Defendant.

Plaintiff replies to Defendant's first two arguments in Section I and to Defendant's final argument in Section II.

> I. **PLAINTIFF'S CLAIM THAT GPO DISCRIMINATED AND RETALIATIED AGAINST HIM BY DENYING HIM A TRAINING OPPORTUNITY ARE DISCRETE CLAIMS, AND PLAINTIFF SHOULD BE GRANTED LEAVE TO PURSUE THEM.**

Mr. Hairston's motion to amend and supplement the complaint seeks to add three counts: a retaliation claim based on GPO's failure to provide him an overtime opportunity (Fourth Cause of Action); and both race discrimination and retaliation claims based on GPO's failure to provide him a training opportunity (Second and Fifth Causes of Action). Defendant asserts that Mr. Hairston is barred from advancing his overtime-related retaliation claim (Fourth Cause of Action) because he pursued it as a union grievance. Opp. 4. We acknowledge that the subject matter of this claim was pursued in a union grievance, and we are withdrawing the Fourth Cause of Action. Therefore, we are submitting with this Reply a revised First Amended and Supplemented Complaint that deletes that cause of action and re-numbers the Fifth Cause of Action (retaliation based on denial of training opportunity) as the Fourth Cause of Action. *See* Exhibit 1 hereto, [Proposed] First Amended and Supplemented Complaint (Am. Compl.). We ask the Court to grant the motion and permit the filing of this revised pleading.[1]

Defendant does not dispute, however, that Mr. Hairston's training-related race discrimination and retaliation claims are timely and exhausted and have never been the subject of a union grievance. Those discrete claims may be supported by all competent evidence, including evidence of retaliation concerning the now-withdrawn overtime claim. In *National Railroad*

---

[1] In addition to the deletion of one cause of action, the revised First Amended and Supplemented Complaint changes paragraph 61 to reflect Defendant's recent final decision rejecting Mr. Hairston's denial-of-overtime claim. *See* Opp., Exhibit A. It is otherwise identical to the pleading submitted with Plaintiff's original motion.

*Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002), the Supreme Court stated that even when a Title VII claim is untimely, the facts surrounding that claim may be used "as background evidence in support of a timely claim." *See, e.g.*, *Manuel v. Potter*, ___ F. Supp. 2d ___, 2010 WL 565192, at *8–*9 (D.D.C. Feb. 17, 2010); *Pleasants v. Allbaugh*, 285 F. Supp. 2d 53, 55 (D.D.C. 2003); *see also Valentino v. U.S. Postal Serv.*, 674 F.2d 56, 66 n.11 (D.C. Cir. 1982). So, too, here: The *facts* of Mr. Hairston's now-withdrawn overtime claim may be used to support his timely and exhausted training-related claims, for instance, by assisting the trier of fact in assessing the veracity of those training-related claims. Therefore, although Mr. Hairston is withdrawing the cause of action relating to the denial of overtime, he continues to rely on the facts concerning that claim, *see* Am. Compl. at ¶¶ 49–62, and we ask the Court to grant him leave to file the attached First Amended and Supplemented Complaint alleging those facts. [2]

Defendant is incorrect to suggest that Plaintiff wants to "circumvent the 45-day time period [for filing an informal administrative complaint] by attempting to sweep all of his untimely and unexhausted retaliation and discrimination allegations into a broad 'ongoing discrimination' claim." Opp. 8. Rather, as explained above, Plaintiff is not seeking to revive any unexhausted or untimely claims, but simply to use all of the historical facts as evidence in support of his denial-of-training claims, which are indisputably timely and exhausted.

---

[2] Defendant also notes that Mr. Hairston's proposed amended and supplemented complaint contains the same promotion-related retaliation claim that the Court dismissed last year for failure to exhaust. Opp. 2 n.1 (*citing Hairston v. Tapella*, 664 F.Supp.2d 106 (D.D.C. 2009)). Mr. Hairston does not intend to pursue that discrete retaliation claim in this Court, and it remains in the complaint only to preserve it for possible further review. However, even though the original claim of retaliation is time barred as a result of this Court's dismissal, "the prior acts" of retaliation may be used "as background evidence in support of [Mr. Hairston's] [] timely claim[s]." *Morgan*, 536 U.S. at 113.

**II.     GRANTING PLAINTIFF'S MOTION WILL NOT PREJUDICE DEFENDANT.**

Defendant claims that granting Plaintiff's motion will "substantially expand discovery" and cause it undue prejudice. Opp. 2, 4. To the contrary, Plaintiff's amended claims—race discrimination and retaliation relating to the denial of a training opportunity—involve most of the same GPO employees and are part of the same course of conduct that are the subject of the original complaint; hence, the added claims can easily be folded into discovery, which has just begun, without any undue burden. Indeed, Plaintiff's initial disclosures, served on the Defendant on February 22, 2010, refer to all of the individuals, documents, and information relating to the original *and* added claims, and Defendant is also well aware of the added claims because they have been investigated by GPO and are contained in GPO's own EEO files. In fact, GPO's EEO Office has already completed an investigative report regarding all of the claims that Mr. Hairston seeks to add. *See* Exhibit 2 hereto, Cover Letter to GPO Report, Agency Case No. 09-58 (Feb. 25, 2010).

Even more important, granting Plaintiff's motion would involve less cost and delay than filing a new lawsuit on the denial-of-training discrimination and retaliation claims, which Plaintiff presently has a right to pursue. A new suit would entail a filing fee, service of process, and separate discovery, all of which would be avoided if Plaintiff's motion is granted.

**CONCLUSION**

Mr. Hairston's claims of racial discrimination and retaliation based on the denial of a training opportunity are fully exhausted and timely. Under controlling case law, the retaliation claim may be supported by any material evidence, including evidence relating to otherwise barred claims. For the reasons stated above, Plaintiff's motion for leave to file First Amended and Supplemented Complaint, as revised and attached hereto as Exhibit 1, should be granted.

Respectfully submitted,

_____/s/_____
Brian Wolfman (D.C. Bar No. 427491)
(202) 661-6582
wolfmanb@law.georgetown.edu
Leah M. Nicholls (D.C. Bar No. 982730)
(202) 662-9546
lmn33@law.georgetown.edu
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Avenue, Suite 312
Washington, DC 20001

March 15, 2010                                  *Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on March 15, 2010, a copy of the foregoing Reply was served by the Electronic Case Filing (ECF) System on:

John G. Interrante, Esq.
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4806
Washington, D.C. 20001

_____/s/_____
Brian Wolfman

Copies to: Attorneys on record via ECF